UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

PAUL GIORDANO,

       PLAINTIFF,

  -against-

HORTON POINT LLC and DIMITRI SOGOLOFF,

       DEFENDANT.
---------------------------------------------------------X

Civ. No.: ___

Demand for Jury Trial

    Plaintiff, Paul Giordano ( "Giordano"), by his attorney, RHONDA S. LEONARD, ESQ. as and for his Verified Complaint against Defendants Horton Point LLC ( "Horton") and Dimitri Sogoloff ("Sogoloff") individually alleges as follows upon information and belief:

Parties and Jurisdiction:

1. Plaintiff, Giordano is a citizen of the United States, domiciled in the State of California.

2. Upon information and belief, Defendant Horton is a domestic limited liability company organized under the laws of Delaware with its principle place of business in New York, New York. Upon information and belief, Horton is an LLC in good standing and doing business in New York and the United States.

3. Upon information and belief, Defendant Sogoloff is an individual and principal of Horton residing in the State of New York.

4. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. Section 1332 (a) (diversity) because Plaintiff and Defendant are citizens of different States and the amount in controversy exceeds the sum or value of $75,000.00.

5. Venue is proper in this judicial district because it is where a substantial part of the events or omissions giving rise to Giordano's claims occurred. See, 28 U.S.C. Section 139 (b)(2). This Court may exercise personal jurisdiction over Horton and Sogoloff because they transacted business within the State of New York and this action arises out of that business.

6. Girodano and Sogoloff, who acted on behalf of Horton, entered into agreements executed in New York, the terms of which are more fully set forth below.

General Allegations:

7. In or about 2016, Giordano was introduced to Sogoloff. Giordano was thereafter engaged to perform services for Horton. As part of his contractual obligations, Giordano was tasked with identifying persons and or entities to invest in a technology platform known then as HFINONE later branded and known as Platform Eleven.

8. On December 30, 2016 the terms of the engagement between Giordano and Horton were memorialized in a writing. As part of the contract, Sogoloff and Horton agreed to compensante Giordano in cash and stock.

9. Horton paid Giordano $20,000 in January, 2017.

10. On December 30, 2016 Horton and Sogoloff memorialized in writing the agreement to pay Giordano the remaining $61,000.00 due through December 31, 2016 at a rate of $.30 for every $1 of revenue (net of revenue share payments to third parties) received by Horton until "the full amount is paid."

11. The contract memorialized the agreement that beginning on January 1, 2017 Horton agreed to compensate Giordano $10,000 per month, payable at the option of Horton in cash or in fully vested stock in Horton. No payments have been made as of the date of this Complaint.

12. Horton also agreed to compensate Giordano with Horton Options at 1.5% of Horton's equity. In addition, the parties agreed that Giordano could sell all or part of his stock to Horton during subsequent financing rounds subject to a limitation of 10% of the total size of the financing round. No Options have been given to Giordano as of the date of this Complaint.

13. Horton additionally offered Giordano a grant of Options subject to an Options Plan should it be in place by the Company (Horton). To date, there is no Options Plan.

14. Horton agreed to offer Giordano an observer seat on the Horton board. To date, Giordano has not been offered an observer seat on the Horton board.

15. In 2020, the scheduled terms of payment due Giordano were renegotiated and a second contract with payment terms was memorialized. In this second compensation agreement Horton acknowledged that Giordano is owed $121,000 in cash and $71,000 in restricted stock. In addition, Horton offered an equity option equal to 1.5% of Company valuation at $6 million dollars. No payment of cash or stock has been given to Giordano as of the date of this Complaint.

16. In his capacity as a Board Member and founding member Horton, HF1ONE ( a wholly owned subsidiary of Horton), and Amplified Technology Holdings, Inc., Sogoloff agreed to pay Giordano the monies owed him for his services to Horton, HF1ONE and Amplified Technology Holdings, Inc. as recently as February, 2020. Despite repeated demand, Giordano has not been paid anything.

17. Upon information and belief, the company known as Horton Point LLC is now a subsidiary of Amplified Technology Holdings.

18. Upon information and belief, any revenue earned and received by Horton Point LLC, and or Amplified or HF1ONE has been allocated and or transferred to Amplified Technology Holdings Inc. and or other entities or persons to avoid satisfaction of its debt to Giordano.

19. Defendants have breached their agreement to compensate Plaintiff for his services to them. They are jointly and severally liable to Plaintiff.

## COUNT ONE- BREACH OF CONTRACT

20. Giordano hereby incorporates by reference allegations in paragraphs 1-19. Giordano and Defendants entered into a valid and binding contract. Specifically, the agreements to pay Giordano for his services which were accepted and acknowledged without protest have been breached. Giordano performed all of the services required.

21. Defendants have acknowledged the debt owed Giordano. Despite due demand, Defendants have failed and refused to pay him. Giordano has been damaged by Defendants' non-payment.

## COUNT TWO: THEFT AND CONVERSION/ UNJUST ENRICHMENT

22. Giordano hereby incorporates by reference allegations contained in paragraphs 1-21.

23. By failing to pay its debt to Giordano, Defendants have deprived Giordano of the funds due him for their own pecuniary gain.

24. Upon information and belief, Defendants took this course of action to specifically avoid creditors such as Giordano.

25 Upon information and belief Defendant Sogoloff diverted liabilities of Defendant Horton Point to other affiliated entities or persons to avoid creditors such a Giordano.

26. As a direct and proximate result of the foregoing conduct, Plaintiff has been damaged.

## COUNT THREE: ACCOUNTING

27. Giordano hereby incorporates by reference allegations contained in paragraphs 1-25.

28. Plaintiff demands an equitable accounting of the income, expenses, assets and liabilities of Horton Point and its affiliates, subsidiaries including any holding company and an accounting of Sogoloff's personal finances related to the debt owed to Giordano.

29. Plaintiff demands an equitable accounting of the debt owed to Plaintiff Giordano by Horton Point relative to any transfer of that debt on the books and records of Horton Point and or expenses booked against the liability to Plaintiff as an accounting mechanism to avoid payment to Plaintiff.

30. Due to the wrongful conduct of Defendant Sogoloff in his capacity as an officer of Horton Point, and Horton and or its subsidiaries and or affiliates, Plaintiff has been financially harmed.

31. Plaintiff lacks an adequate remedy at law.

32. Plaintiff made a pre-suit demand for an accounting.

33. To date, Defendants have failed or refused to provide an accounting.

## COUNT FOUR: BOOKS AND RECORDS DEMAND

34. Giordano hereby incorporates by reference allegations contained in paragraphs 1-33.

35. Plaintiff has demanded access to the books and records of Horton Point and its affiliates and subsidiaries including any holding company pursuant to New York Business Corporation law Section 624.

36. To date, Defendants have failed to provide copies of the books and records.

37. Plaintiff requests that this Court order Defendants , its affiliates, subsidiaries, and or holding company to turn over its books and records as it relates to the debt owed to Plaintiff for inspection..

COUNT FIVE; DECLARATORY RELIEF

38. Giordano hereby incorporates by reference allegations contained in paragraphs 1-27.

39. There is an actual and justiciable controversy with respect to Giordano's claim for damages against Defendants. This controversy includes the valuation of Horton , its subsidiaries, affiliates and holding company as it relates to an accounting, revenue, liabilities, and the breach of contract and damages due and owing to Giordano.

40. Plaintiff seeks a declaratory judgment against Defendants in the sum of $121,000 plus statutory interest, $71,000 for the value of restricted stock (subject to an appraisal and or accounting) and the value of the options offered to Plaintiff.

WHEREFORE, the Plaintiff requests this Court enter judgment in Plaintiff's favor and award the following relief:

(a) Award Plaintiff the sum of  $121,0000

(b) Award Plaintiff the sum of $71,000

(c) Award Plaintiff the sum of the value of the options offered to Plaintiff

(d) An Order declaring that Defendants turn over their books and records for an accounting and valuation of Horton Point to establish the value of the options owed to Plaintiff.

(e) An Award of Plaintiff's costs and reasonable attorney's fees in this matter and

(f) For such other and further relief as to this Court may be just and proper including but not limited to statutory interest due Plaintiff.

Plaintiff, Paul Giordano hereby demands a trial by jury on all issue so triable as of right.

Respectfully submitted.

_____
RHONDA S. LEONARD, ESQ.
RL-1024