UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

PAUL GIORDANO, INC.

   PLAINTIFF,

 -against-

HORTON POINT LLC and DIMITRI SOGOLOFF,

   DEFENDANTS.
----------------------------------------X

Civ. No.1:23 06940-VSB

Demand for Jury Trial

**SECOND AMENDED COMPLAINT**

  Plaintiff, Paul Giordano Inc., ("Giordano"), by his attorney, RHONDA S. LEONARD, ESQ. as and for his Second Amended Verified Complaint against Defendants Horton Point LLC ("Horton") and Dimitri Sogoloff ("Sogoloff") alleges as follows upon information and belief:

Parties and Jurisdiction:

1. Plaintiff, Giordano is a domestic corporation domiciled in the State of California.

2. Upon information and belief, Defendant Horton is a domestic limited liability company organized under the laws of Delaware with its principal place of business in New York. Upon information and belief, Horton is an LLC in good standing and doing business in New York and the United States.

3. Upon information and belief, Defendant Sogoloff is an individual and managing member of Horton currently residing in the State of New York.

4. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. Section 1332 (a) (diversity) because Plaintiff and Defendant are citizens in different States and the amount in controversy exceeds the sum or value of $75,000.00.

5. Venue is proper in this judicial district because it is where a substantial part of the events or omissions giving rise to Giordano's claims occurred. See, 28 U.S.C. Section 1391 (b)(2).  This Court may exercise personal jurisdiction over Horton and Sogoloff because they transacted business within the State of New York and this action arises out of that business.

6. This action is based upon contractual agreements between Girodano and Horton. The terms of the agreements are more fully set forth below.

General Allegations:

7. In or about 2016, Giordano was engaged by Horton and Sogoloff to perform services for Horton after negotiations with  Sogoloff resulting in an agreement.  The financial compensation agreed to be paid to Giordano was premised upon the representations of Sogoloff individually and in his leadership capacity at Horton. Giordano relied on the representations of Sogoloff. Part of Giordano's contractual obligations tasked him with identifying persons and or entities to potentially invest in a technology platform known as HFINONE  and later branded and known as Platform Eleven.

8. On December 30, 2016 the terms of a contract between Giordano and Horton was memorialized in a writing.As part of the contract, Sogoloff and Horton acknowledged and agreed to compensate Giordano in cash and stock for his past and future services. The contract set forth that Horton agreed to pay Giordano the outstanding compensation due to Giordano  of $61,000.00 at a rate of $.30 for every $1 of revenue (net of revenue share payments to third parties) received by Horton until "the full amount is paid."

9. The  2016 contract provides that  beginning  January 1, 2017 Horton would compensate Giordano $10,000 per month as a consulting fee, payable at the option of Horton in cash or in

fully vested stock in Horton. In 2017 Giordano received $20,000 representing two months of a consulting fee  and a payment of $70,000 for stock purchased back from Giordano by Horton. No other payments have been made to

 Giordano to date despite repeated demands.

10. The contract provides that Horton would  compensate Giordano with Options at 1.5% of Horton's equity. In addition, the parties agreed that Giordano could, at his discretion, sell all or part of his stock back to Horton during subsequent financing rounds subject to a limitation of 10% of the total size of the financing round. No Options have been granted to Giordano as of the date of this Complaint.

11. Horton and Sogoloff  offered Giordano a grant of Options subject to an "Option Plan" should  Horton have one. To date, Giordano has not been offered any Option Plan.

12. Horton and Sogoloff represented  to Giordano that he would be offered an observer seat on the Horton board. To date, Giordano has not been offered any observer seat on the Horton board.

13. In 2020, the scheduled terms of payment due Giordano and memorialized in the 2016 contract were renegotiated and restated in a a separate agreement. In the second agreement in a letter from Sogoloff on Horton Point letterhead, Horton and Sogoloff acknowledge that Giordano is owed $121,000 in cash and $71,000 in restricted stock. In addition, the 2020 agreement offers Giordano an equity option equal to 1.5% of a Company valuation at $6 million dollars. Despite Giordano's acceptance of the 2020 terms, no payment of cash or stock has  been made to Giordano as of the date of this Complaint despite repeated demands.

14. Upon information and belief, in his capacity as a managing member of Horton, HF1ONE ( a wholly owned subsidiary of Horton), and Amplified Technology Holdings, Inc., Sogoloff represented that Giordano would be paid the monies owed him for his services to Horton, HF1ONE and Amplified Technology Holdings, Inc. As recently as February, 2020, Sogoloff acknowledged the debt owed to Giordano.

15. Upon information and belief, the company known as Horton Point LLC is now a subsidiary of Amplified Technology Holdings.

16. Upon information and belief, any revenue earned and received by Horton Point LLC, and or Amplified or HF1ONE has been allocated and or transferred to Amplified Technology Holdings Inc. and or other entities or persons to avoid satisfaction of its debt to Giordano.

17. Defendants have breached their agreement to compensate Plaintiff for services provided by Giordano.

18. Horton has acknowledged the debt owed to Giordano.

19. Sogoloff has acknowledged the debt owed to Giordano.

20. Sogoloff enticed Giordano to perform services that were accepted without objection with the promise that Giordano would be compensated.

21. Giordano requested that the books and records of Horton be provided to ascertain the financial status of Horton . Sogoloff and Horton denied access to Giordano, without cause.

23. Giordano has been financially damaged as a result of Defendants' breach of contract, and unjust enrichment.

24. Upon information and belief, Sogoloff, in his individual capacity and as Managing Member of Horton, represented to Giordano that he would be compensated for his services. Sogoloff is personally liable for breaching the agreement that he entered into with Giordano.

## COUNT ONE- BREACH OF CONTRACT

25. Giordano hereby incorporates by reference allegations in paragraphs 1-23. Giordano and Defendants entered into valid and binding contracts. Specifically, the agreements set forth the compensation to Giordano for services, which services were accepted and acknowledged without protest.

26. Defendants acknowledged the debt owed Giordano. Despite due demand, Defendants have failed and refused to pay him. Giordano has been damaged by Defendants' breach of contract and non-payment.

## COUNT TWO: THEFT OF SERVICES

27. Giordano hereby incorporates by reference allegations contained in paragraphs 1-25.

28. By failing to pay its debt to Giordano, Defendants have deprived Giordano of the funds due him for their own pecuniary gain.

29. Upon information and belief, Defendants took this course of action to specifically avoid creditors such as Giordano.

30. As a direct and proximate result of the foregoing conduct, Plaintiff has been damaged.

## COUNT THREE: CONVERSION

31. Giordano hereby incorporates by reference allegations contained in paragraphs 1-30.

32. Giordano seeks an equitable accounting of the income, expenses, assets, and liabilities of Horton Point and its affiliates and subsidiaries including any holding company, and an

accounting of Sogoloff's personal finances related to the debt owed to Giordano.

33. Giordano seeks an equitable accounting of the debt owed to Giordano by Horton including but not limited to documentation (in whatever format including but not limited to written, digital, metadata etc.)  as an accounting mechanism to avoid payment to Giordano.

34. Due to the wrongful conduct of  Sogoloff in his capacity as the managing member of Horton, and  or the conduct of Horton and or its subsidiaries and or affiliates, Giordano has been financially harmed.

35. Giordano lacks an adequate remedy at law.

36. Giordano made a pre-suit demand for an accounting.

37. To date, Defendants have failed or refused to provide an accounting.

## COUNT FOUR: BOOKS AND RECORDS DEMAND

38. Giordano hereby incorporates by reference allegations contained in paragraphs 1-37.

39. Giordano has demanded access to the books and records of Horton Point and its affiliates and subsidiaries including any holding company pursuant to New York Business Corporation law Section 624.

40. To date, Defendants have failed to provide copies and or access to  the books and records.

41. Plaintiff requests that this Court order Defendants , its affiliates, subsidiaries, and or holding company to turn over and or provide access to its books and records as it relates to the debt owed to Plaintiff for inspection.

## COUNT FIVE; DECLARATORY RELIEF

42. Giordano hereby incorporates by reference allegations contained in paragraphs 1-41.

43. There is an actual and justiciable controversy with respect to Giordano's claim for damages against Defendants. Defendants are liable to Giordano and there is no question of fact as to liability and damages, as acknowledged by the documentary evidence.

44. Giordano seeks a declaratory judgment against Defendants in the sum of $121,000 plus statutory interest, $71,000 for the value of restricted stock (subject to an appraisal and or accounting) and the value of the options offered to Plaintiff.

45. As Managing Member of Horton Point, Sogoloff is personally liable for the debts of Horton Point.

46. As Managing Member of Horton Point, Sogoloff is personally liable for the misrepresentations he made on behalf of Horton Point.

47. As Managing Member of Horton Point, Sogoloff is personally liable to Giordano.

WHEREFORE, the Plaintiff requests this Court enter judgment in Plaintiff's favor and award the following relief:

(a) Award Plaintiff the sum of  $121,0000

(b) Award Plaintiff the sum of $71,000

(c) Award Plaintiff the sum of the value of the options offered to Plaintiff

(d) An Order declaring that Defendants turn over their books and records for an accounting and valuation of Horton Point to establish the value of the options owed to Plaintiff.

(e) An Award of Plaintiff's costs and reasonable attorney's fees in this matter and

(f) For such other and further relief as to this Court may be just and proper including but not limited to statutory interest due Plaintiff.

Plaintiff, Paul Giordano hereby demands a trial by jury on all issues so triable as of right.

Respectfully submitted.

_____

RHONDA S. LEONARD, ESQ.

Rhonda S. Leonard, Esq.

Attorney for Plaintff

110 Pondview Lane

New Rochelle, New York 10804

914 263-8158

rhondaesq@optonline.net

<u>Verification</u>

Paul Giordano, on behalf of Paul Giordano, Inc., Plaintiff in the instant matter states that I have read the Second Amended Complaint and under penalty of perjury attest that to the best of my knowledge, the allegations contained therein are true.

_____

PAUL GIORDANO

Sworn to before me this _____ day of November, 2023

_____

NOTARY PUBLIC