UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————————X

PAUL GIORDANO, INC.,

                PLAINTIFF                               Civil Action #
                                                                         23civ.6940 (VSB) (SLC)

      -against-

DIMITRI SOGOLOFF and HORTON POINT, LLC

                DEFENDANTS.
——————————————————————————X

## **PLAINTIFF'S RULE 26(A)(1) INITIAL DISCLOSURES**

      Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiff Paul Giordano, Inc.  ("Giordano"), by and through its undersigned counsel, make the following initial disclosures to Defendants in the above captioned matter. These disclosures are based upon information presently known and reasonable availably to Plaintiff and which Plaintiff reasonably believes they may use in support of its claims. Continuing investigation and discovery may cause Plaintiff to amend this initial disclosure by identifying other potential witnesses, documents, and by disclosing other pertinent information. Plaintiff therefore reserves it right to supplement these initial disclosures.

      Plaintiff objects to any disclosure of information or documents beyond that which is required by the Federal Rules of Civil Procedure ,the Federal Rules of Evidence, the Local Rules of the United States District Court for the Southern District of New York, or other applicable law, rule or order. By providing these initial disclosures, Plaintiff does not represent that it is identifying every document, tangible thing or witness possibly relevant to this action.  In addition, these disclosures are made without Plaintiff in any way waiving its right to object to any

discovery request or proceeding involving or relating to the subject matter of these disclosures on any grounds, including competency, privilege, relevancy and materiality, hearsay, undue burden, confidentiality, or any other appropriate grounds. Furthermore, these disclosures are not an admission by Plaintiff regarding any matter.

Each and every disclosure set forth below is subject to the above qualifications and limitations.

## DISCLOSURES

(A)(1) The name and, if known, the address and telephone number of each individual likely to have discoverable information- along with the subjects of that information- that the disclosing party may use to support its clams or defenses, unless the use would be solely for impeachment.

(i)Dimitri Sogoloff - Defendant

50 West 67th Street, New York, New York 10023

(ii) Michael Dublier- Investor

(iii) Eric Slaim

(iv) Larry Smith- Board Member

(v) Mark Abeshouse- Former President of Horton Point, LLC

(vi) Roy Behren- Investor in Horton Point, LLC

<u>Dimiti Sogoloff</u> will have knowledge of the facts and circumstances relevant to this action, including but not limited, to the contract with Plaintiff, the terms of payment for Plaintiff and the underlying business structure of Defendant Horton Point, LLC and its affiliates, subsidiaries, and funding by investors. In addition, it

is likely that Mr. Sogoloff will have knowledge about the books and records of Defendant Horton.

Michael Dubilier- Upon information and belief, Mr. Dubilier is an investor in Horton Point and or other affiliate and or subsidiary entities. Mr. Dubilier will have knowledge of the facts and circumstances relevant to this action, including but not limited to the contract with Plaintiff and the underlying business structure of Defendant Horton Point, LLC, its affiliates subsidiaries and the debt owed to Plaintiff. In addition, it is likely that Mr. Dubilier will have knowledge about the books and records of Defendant Horton.

Eric Slaim- Upon information and belief, Mr. Slaim will have knowledge of the facts and circumstances relevant to this action, including but not limited to the contract with plaintiff and the  underlying business structure of Defendant Horton Point, LLC  and other affiliates and or subsidiaries of Horton Point LLC. Upon information and belief, Mr. Slaim works(ed) with Dimitri Sogoloff at Horton Point, LLC and or an affiliate and or subsidiary entity.

Larry Smith:  Upon information and belief, Mr. Smith will have knowledge of the facts and circumstances relevant to this action, including but not limited to the financial structure of Horton Point, LLC and the day to day business operations of the entity and or associated entities. Upon information and belief, Mr. Smith interacted with defendant Sogoloff and has personal knowledge of the allegations contained in the complaint.

Mark Abeshouse:  Upon information and belief, Mr. Abeshouse, a former President of Horton Point, LLC will have knowledge of the facts and circumstances relevant to this action, including but not limited to the business model and structure of defendant Horton Point, LLC at the time he was President and at the time

Plaintiff was engaged with Defendant. He may also opine as to industry experience and may be able to testify as to the specific language at issue in the contract between Plaintiff and Defendants.

<u>Roy Behren:</u>  Upon information and belief Mr. Behren has knowledge and information as to the sales practices to potential investors of Horton Point, LLC and the documents presented to prospective and ultimate investors. Mr. Behren may have knowledge about the financial reports provided to investors by Defendants and the basis for said reports.

(A)(2) A copy or a description by category and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

   The following comprises the enumerated documents, data compilations, and other tangible things in the possession, control or custody of Plaintiff to which Plaintiff may use to support its claims  in the instant matter:

(i).  Email sent on December 30, 2016 at 11.31 am from DAS( Dimitri Sogoloff) to Paul Giordano. The e-mail is title "agreement" in the Subject line. The document is in the possession of counsel for Plaintiff and Defendant Sogoloff.

(ii). Letter dated July 6, 2020 from Emily Kirsch, Esq. to  The Board of Directors ℅ Corporate Secretary, Horton Point. The letter is in the possession of Defendant Horton Point, LLC.

(iii) A letter dated July 31, 2020 from Horton Point LLC to Emily Kirsch, Esq. signed by Dimitri Sogoloff. The letter is in the possession of Plaintiff and Defendant Horton Point, LLC and or Defendant Sogoloff.

(iv) A document addressed to "Paul" from "Dimitri" undated. The document is in the possession of Plaintiff. The document allegedly sets forth proposed terms of compensation for Paul. The document may be in the possession of "Dimitri."

     There may be additional documents whose relevance becomes known to Plaintiff during discovery or trial. Plaintiff therefore reserves the right to amend or supplement these disclosures if and as appropriate, and further reserves the right to rely on any document identified by Defendants or produced in this case by any third party or witness.

(A)(3). A computation of each category of damages claimed by the disclosing party, who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including material bearing on the nature and extent of unjury suffered.

Plaintiff alleges monetary damages for breach of contract in the sum of $121,000.00; there is no dispute between the parties as to this debt.
Plaintiff seeks damages in the sum of $71,000 as a valuation of restricted stock;
Plaintiff seeks statutory interest at 9%;
Plaintiff seeks a valuation of options granted as additional damages.
Plaintiff seeks other and further relief as to the Court seems just including attorneys fees.

(A)(4) For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Plaintiff is unaware of any insurance that Defendants may have.

Dated: New Rochelle, New York
January 12, 2024

RHONDA S. LEONARD, ESQ.

*/s/ Rhonda S. Leonard*
_____
Rhonda S. Leonard, Esq. (RL1024)
Attorney for Plaintiff
110 Pondview Lane
New Rochelle, New York 10804
914-263-8158
rhondaesq@optonline.net