UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL GIORDANO, INC.<br><br>*Plaintiff,*<br><br>v.<br><br>HORTON POINT LLC and DIMITRI SOGOLOFF,<br><br>*Defendants.* | Civil Action No. 1:23-06940-VSB<br><br>**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL** |

THIS STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL ("Stipulation and Order") is entered into by and between **PAUL GIORDANO, INC. ("PLAINTIFF"),** on the one hand and **HORTON POINT LLC ("HORTON") and DIMITRI SOGOLOFF ("SOGOLOFF")** on the other hand. Plaintiff, Horton, and Sogoloff are each a "Party" and together they are the "Parties." This Stipulation and Order shall be effective on the date it is entered by the Court ("Effective Date").

WHEREAS, Plaintiff has filed a complaint in the Southern District of New York, *Paul Giordano, Inc. v. Horton Point LLC and Dimitri Sogoloff.*, No. 1:23-06940-VSB (the "Action"), asserting claims for breach of contract, unjust enrichment, accounting, books and records, among others;

WHEREAS, Horton and Sogoloff have filed an Answer disputing the merits of the claims and asserting affirmative defenses;

WHEREAS, The Parties acknowledge that anything contained herein is not and shall not to be construed as an admission of wrongdoing by either Party; and

WHEREAS, the Parties desire to resolve by compromise the disputes underlying this Action upon the terms and conditions set forth below.

NOW, THEREFORE, in consideration of the covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby covenant to each other and agree as follows:

1. **Settlement Payments**. Horton hereby agrees to pay Plaintiff the total amount of Eighty-Five Thousand and 00/100 Dollars ($85,000.00) (the "Settlement Amount") in accordance with the payment schedule that follows (the "Settlement Payments"):

   a) Horton shall tender to Plaintiff the first payment of thirty thousand and 00/100 Dollars ($30,000.00) on or by March 31, 2024, to repurchase all of Plaintiff's shares in Amplified Technology Holdings Inc.

b) Horton shall tender to Plaintiff the second payment of ten thousand and 00/100 Dollars ($10,000.00) on or by May 1, 2024.

c) Horton shall tender to Plaintiff the third payment of ten thousand and 00/100 Dollars ($10,000.00) on or by June 1, 2024.

d) Horton shall tender to Plaintiff the fourth payment of ten thousand and 00/100 Dollars ($10,000.00) on or by July 1, 2024.

e) Horton shall tender to Plaintiff the fifth payment of ten thousand and 00/100 Dollars ($10,000.00) on or by August 1, 2024.

f) Horton shall tender to Plaintiff the sixth payment of ten thousand and 00/100 Dollars ($10,000.00) on or by September 1, 2024.

g) Horton shall tender to Plaintiff the seventh and final payment of five thousand and 00/100 Dollars ($5,000.00) on or by October 1, 2024.

Payments shall be made via wire / electronic funds transfer to the bank account designated by Plaintiff.  All payments shall be reported on a 1099-NEC as made by Horton to Plaintiff or its principal.

2. **Release & Covenant Not to Sue.** Plaintiff covenants and agrees as follows: .

a) Upon timely receipt of the first payment of pursuant to Section 1 above (for $30,000.00 on before March 31, 2024) Plaintiff and its principal Paul Giordano agree to execute such documents as are necessary to formally transfer all Plaintiff's shares in Horton and/or its affiliated companies including Amplified Technology Holdings Inc. At the time of drafting this is believed to be comprised of: 31,020 of Class A Common Stock of Amplified Technology Holdings Inc.  Notwithstanding the foregoing, Plaintiff agrees that timely payment of the first installment for $30,000 will purchase and extinguish any and all ownership rights and/or equity interest which Plaintiff or its principal Paul Giordano now possesses in Horton and/or its affiliated companies.

b) Five (5) days after the entirety of the Settlement Amount is collected, Plaintiff and its principal Paul Giordano, agree to execute a release in favor of Horton and Sogoloff and their predecessors, successors and/or assigns and all each of their subsidiaries and affiliates, and all of their respective past, present and future officers, directors, employees, agents, servicers, representatives, attorneys, participants, heirs, successors and assigns (all of such parties to be referred to collectively as the "Released Parties") from any and all causes of action, suits, liabilities, debts, damages, controversies, agreements, trespasses, judgments, executions, demands and claims relating to any agreement or transaction between them and Plaintiff provided, however, that the released claims exclude rights and claims arising under this Agreement, and to file a Notice of Dismissal with Prejudice. A copy of the release to be signed by Plaintiff is attached hereto as Exhibit A.  A copy of the Notice of Discontinuance with Prejudice to be filed by Plaintiff is attached hereto as Exhibit B. Should for any reason the Court or Clerk refuse to acknowledge and/or enter such Notice of Discontinuance, Plaintiff agrees to work in good faith with Horton and Sogoloff to

resolve any such impediment (procedural or otherwise) to the judicial recognition of such Notice of Discontinuance in order to effectuate the parties' mutual intent as embodied by this Agreement.

3.   **Adjournment *sine die***. The Parties agree that on the Effective Date of this Agreement, all discovery and other deadlines applicable to the Action"will be stayed and adjourned *sine die*. The parties shall file a status letter advising the Court of their settlement pursuant to this Agreement, and requesting that the Court so-order this Agreement and enter an order staying all deadlines.

4.   **Default of Settlement Payments**.  In the event Horton fails to pay any of the Settlement Payments under Paragraphs 1(a-g) on or by the dates described under Paragraphs 1(a-g), and fails to cure within ten (10) days by rendering the past-due settlement payment in full, Horton and Sogoloff shall be in default of paying the Settlement Amount and shall be in material breach of this Stipulation and Order ("Default"). Upon Default, Plaintiff's counsel may notify the Court of such Default and request that the stay on discovery and deadlines be lifted. Any payments made Settlement Payments made pursuant to Section 1 above shall be deemed a setoff against any liability which may be established against Horton and Sogoloff.

5.   **Representations and Warranties**.

   a) Each Party represents and warrants that this Stipulation and Order is the result of good faith negotiations among the Parties and their counsel.

   b) Each Party represents and warrants to the other that it has all necessary power and authority to execute this Stipulation and Order and to take all actions contemplated hereby and in so doing will not violate any law, or any other agreement or any other commitment to which it is a party.

   c) Each Party represents and warrants to the other that it has been fully informed and has full knowledge of the terms, conditions, and effects of this Stipulation and Order and has consulted with legal counsel regarding the consequences of entering into this Stipulation and Order.

   d) Each Party represents and warrants to the other that it is solely responsible for the tax consequences, if any, resulting from entering into this Stipulation and Order.

6.   **Non-Disparagement**.  Each Party hereto agrees not to make any statements, written or oral, or commit any acts, or cause or encourage others to make any statements, written or oral, or commit any acts, that portray the other Party in a negative light, defame, disparage, denigrate, embarrass or in any way criticize or demean or threaten or extort the other Party.  Notwithstanding the foregoing, this paragraph does not apply to any testimony or sworn statement in any legal proceeding or any response to government agency inquiries.

7.   **Notices**. Any notice required to be given to either Party under this Stipulation and Order shall be deemed to have been properly given and effective:

   a) on the date of delivery if delivered in person;

    b) one (1) calendar day after the successful transmission in PDF file format if sent by electronic mail using the Internet; or

    c) five (5) calendar days after mailing if mailed by first-class or certified mail, postage paid, to the respective addresses given below, or to such other address as is designated by written notice given to the other Party.

    If to PLAINTIFF:

        For all correspondence (except payments)
            Rhonda S. Leonard, Esq.
            110 Pondview Lane
            New Rochelle, New York 10804
            914 263-8158
            rhondaesq@optonline.net
            Attorney for Plaintiff

    If to HORTON and SOGOLOFF:

        For all correspondence –
            John J. Thompson
            THOMPSON & SKRABANEK, PLLC
            515 Madison Avenue, 31st Fl.
            New York, NY 10022
            (646) 568-4280
            jt@ts-firm.com
            Attorneys for Defendants

Any electronic payment required to be given under this Stipulation and Order shall be deemed timely if it is initiated and sent by Horton on or before the date that settlement payment is due as described in Paragraph 1(a-g) of this Stipulation and Order.

**8.** **Amendment**.  This Stipulation and Order shall not be modified or amended except by an instrument in writing signed by an authorized individual on behalf of each Party.

**9.** **Law Governing**.  The validity, enforceability, and interpretation of this Stipulation and Order shall be governed by the substantive laws of New York, including the remedies afforded thereunder, without regard to its conflict of laws principles.

**10.** **Binding Effect**.  This Stipulation and Order shall inure to the benefit of and be binding upon each of the Parties and their respective heirs, descendants, successors, assigns, and legal representatives.

**11.** **Counterparts; Electronic Signatures**.  This Stipulation and Order may be signed in two or more counterparts, which signatures may be communicated as PDF attachments to an email message, each of which shall be deemed an original hereof, but all of which, together, shall

constitute a single, original instrument. The Parties agree that this Stipulation and Order may be executed and delivered by electronic signatures and that those electronic signatures are the same as handwritten signatures for the purposes of validity, enforceability and admissibility.

12.  **Complete Agreement**.  This Stipulation and Order constitutes the entire agreement, both written and oral, between the Parties, and all prior agreements respecting the subject matter hereof, either written or oral, expressed or implied, are canceled. The Parties agree and acknowledge that they were not induced to enter into this Stipulation and Order as a result of, or in reliance upon, any agreement, understanding, or representation other than those contained in this Stipulation and Order. This instrument contains the whole and final agreement of the Parties.  There are no promises, terms, conditions, or obligations between and among the Parties other than those contained in this Stipulation and Order.

13.  **Severability**.  This Stipulation and Order will be enforced to the fullest extent permitted by applicable law.  If for any reason any provision of this Stipulation and Order is held to be invalid or unenforceable to any extent, then (a) such provision will be interpreted, construed, or reformed to the extent reasonably required to render the same valid, enforceable, and consistent with the original intent underlying such provision, and (b) such invalidity or unenforceability will not affect any other provision of this Stipulation and Order.

14.  **Survival**. The covenants, release, representations, and acknowledgments made by the Parties in this Stipulation and Order shall survive the execution of the Stipulation and Order and the delivery of the Settlement Amount.

**PAUL GIORDANO, INC.**

By: _paul giordano_ (DocuSigned by: DB532D73D4BE42C...)
Print Name: Paul Giordano
Title: CEO
Date: 3/19/2024


**RHONDA S. LEONARD, ESQ.**

By: _Rhonda S. Leonard_ (DocuSigned by: 95C1FE25F41F459...)

Date: 3/15/2024


**HORTON POINT LLC**

By: _Dimitri Sogoloff_ (DocuSigned by: CD92943ED18E496...)
Print Name: Dimitri Sogoloff
Title: CEO
Date: 3/19/2024

**DIMITRI SOGOLOFF**

By: _Dimitri Sogoloff_____

Date: _3/19/2024_____

**THOMPSON & SKRABANEK, PLLC**

By: _John Thompson_____

Date: _3/19/2024_____


All deadlines in this case are hereby adjourned.  The Clerk of Court is respectfully directed to stay this case.

**SO ORDERED** this ___21st___ day of ___March___, 2024

_[signature: Vernon Broderick]_

UNITED STATES DISTRICT JUDGE

6

# EXHIBIT A

### **RELEASE**

**TO ALL TO WHOM THESE PRESENTS SHALL BECOME KNOWN** that for $10.00 and other good and valuable consideration, receipt of which is hereby acknowledged, received from HORTON POINT LLC and DIMITRI SOGOLOFF (collectively, "RELEASEES"), that PAUL GIORDANO, INC., and its principal PAUL GIORDANO (collectively, "RELEASORS"), and each of their predecessors and successors wherever located, and each of their past, present and future affiliates, principals, agents, fiduciaries, representatives, successors,

heirs, estates, executors, administrators, assigns and attorneys, and any other persons acting or purporting to act on his behalf hereby expressly, unconditionally and mutually RELEASE, ACQUIT AND FOREVER DISCHARGE the RELEASEES, RELEASEES' affiliates (including but not limited to Amplified Technology Holdings Inc.), agents, fiduciaries, representatives, employees, successors, administrators, assigns and attorneys of and from all and any manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, agreements, promises, variances, trespasses, damages, judgments, extends, executions, liens, claims and demands whatsoever in law, admiralty or equity relating to the Action as defined by a Stipulation of Settlement and Dismissal dated March ___, 2024 as and RELEASOR, RELEASORS' affiliates, principals, agents, fiduciaries, representatives, heirs, executors, administrators, successors, assigns and attorneys ever had, now have or hereafter can, shall or may, have for upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world until the date of this Release.

Whenever the text hereof requires, the use of singular number shall include the appropriate plural number as the text of the within instrument may require.

This RELEASE may not be changed orally.

[*Signature Page Follows*]

      IN WITNESS WHEREOF, the RELEASOR has caused this RELEASE to be executed on this day of_____, 2024.

                                            PAUL GIORDANO, INC.

                                            By: _____
                                                      Paul Giordano, CEO

                                            PAUL GIORDANO

                                            By: _____
                                                     Paul Giordano (individually)

STATE OF NEW YORK    }
                              } ss.:
COUNTY OF_____   }

      On the ____ day of _____ in the year 2024, before me, personally came _____ to me known, who, being by me duly sworn, did depose and say that he/she/they reside(s)in _____, New York that he/she is _____ of Paul Giordano, Inc., and which executed the above instrument; that he/she/they know(s) the seal of said entity, that the seal affixed to said instrument is such corporate seal; that it was so affixed by authority of the board of directors of said entity, and that he/she/they signed his/her/their name(s) thereto by like authority.

                                                                  _____
                                                                    Notary Public

**EXHIBIT B**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL GIORDANO, INC.<br><br>                  *Plaintiff,*<br><br>    v.<br><br>HORTON POINT LLC and DIMITRI SOGOLOFF,<br><br>                  *Defendants*. | Civil Action No. 1:23-06940-VSB<br><br>**NOTICE OF DISCONTINUANCE** |

Pursuant to F.R.C.P. 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, plaintiff Paul Giordano, Inc. hereby gives notice that the above-captioned action is voluntarily dismissed with prejudice against defendants Horton Point LLC and Dimitri Sogoloff.

Dated: _____

                                              _____
                                              Rhonda S. Leonard, Esq.
                                              110 Pondview Lane
                                              New Rochelle, New York 10804
                                              914 263-8158
                                              rhondaesq@optonline.net
                                              *Attorney for Plaintiff*